FILED
SUPERIOR COURT
OF GUAM

2025 MAR 25 AM 10: 02

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| NHAN PHONG-VU TRAN, an individual, directly and derivatively on behalf of HABIBI'S L.L.C., <br><br> Plaintiffs, <br><br> vs. <br><br> NEDAL OUWER, <br><br> Defendant <br> and <br><br> HABIBI'S L.L.C. | CIVIL CASE NO. CV0429-24 <br><br><br> **DECISION AND ORDER** <br> Re: Defendant's Motion to Dismiss |

This matter came before the Honorable Arthur R. Barcinas on December 17, 2024 for hearing on Defendant Nedal Ouwer's ("Defendant") Motion to Dismiss. Plaintiff Nhan Phong-Vu Tran ("Plaintiff") was represented by Attorney Yusuke Haffeman-Udagawa, and Defendant was present with Attorney Mark S. Smith. Upon consideration of the pleadings, the arguments, and the applicable law, the Court **GRANTS** Defendant's Motion.

## BACKGROUND

This case arises from allegations that Defendant breached fiduciary duties, neglected his corporate financial obligations, and misappropriated company funds for his personal use.

On September 9, 2023, the parties organized and incorporated Habibi's L.L.C. ("Habibi's"). Upon formation of the company, both parties entered into the Operating Agreement at issue in this case ("OA"), which specifically provided, *inter alia*, that:

1. Any differences "between the shareholders in respect of the liquidation of the company or about any clause of this Memorandum of Association ... shall be settled amicably. If no agreement is reached then it shall be settled by arbitration in accordance with the Rules & Procedure of the Guam Public Law No. 23-125" (Art. 21);

2. The company would be capitalized with $300,000.00, with Plaintiff to contribute $90,000.00 and Defendant to contribute $210,000.00 (Art. 6); and

3. Management of the company would be entrusted to the parties as the only members of the company (Art. 9).

The enumerated powers of the parties as managing directors were listed in the OA as follows:

1. To represent the Company before the Department Taxation and revenue [sic], Municipality, Chamber of Commerce and Industry, Department of Labor, Home lane [sic] security, Ports, Customs, and all other Government Departments, Gov Guam Offices, sign all documents, papers and contracts with or before them and/or do any other acts deeds or things that may affect the affairs or the companies.

2. To open and close bank account or accounts in the name of the company and to operate such bank accounts Jointly and/or individually.

3. To appoint and remove advocates, lawyers and to file or defend any suits before all courts at all levels.

4. To appoint and remove employees and consultants and fix their duties and renumerations.

5.  To Sign all tenders, contracts, documents or receipts of financial or commercial nature on behalf of the company.

6.  To authorize and sanction all vouchers of books of account and payment of all expenses.

*Id.* at 4-5. The OA also does not provide for a salary for either party, but instead provides that, after allocating ten percent (10%) of the company's net profits to the company as a statutory reserve, the remaining net profits were to be distributed with twenty-five percent (25%) to Plaintiff and sixty-five percent (65%) to Defendant. OA, Art. 13.

On July 24, 2024, Plaintiff filed his Complaint in this case, asserting that, on or around the period between October 24, 2023 and December 31, 2023, Defendant allegedly made several unauthorized payments that used company funds but did not benefit the company, totaling at least $13,280.31. Plaintiff further asserts that, from September 2023 through December 2023, the company did not realize any net profit and thus no distributions were made to the parties pursuant to Article 13 of the OA. The Complaint also provides evidence that, on December 29, 2023, Defendant unilaterally issued a resolution as the representative of "a 70% majority interest of all Members," i.e., himself, allegedly without notice. Compl. Ex. C. The resolution purported to remove Plaintiff from his position as director and manager of the company, leaving Defendant as the sole remaining director and manager. *Id.* Plaintiff asserts that, by December 31, 2023, Plaintiff had fulfilled his portion of the capital contribution stipulated to in the OA, but Defendant had failed to contribute $57,000.00 of his $210,000.00 contribution. Finally, Plaintiff asserts that, on January 3, 2024, he demanded that Defendant reimburse all allegedly misappropriated funds to the company and fulfill his capital contribution to the company, but that Defendant had refused to do so as of the filing of the Complaint.

On August 26, 2024, Defendant filed the instant Motion, seeking dismissal pursuant to Rules 12(b)(1) of the Guam Rules of Civil Procedure ("GRCP"), as well as attorney's fees and costs. Defendant asserts that the Court lacks subject matter jurisdiction over this issue because Article 21 of the OA mandates that any disagreement "about any clause of [the OA] ... shall be settled amicably. If no agreement is reached then it shall be settled by arbitration." OA, Art. 21. Defendant asserts that the issue in this case was part of settlement talks between the parties and that Plaintiff filed this suit while said talks were still ongoing, effectively circumventing the contractually agreed-upon resolution process.

On September 23, 2024, Plaintiff filed his opposition. First, Plaintiff argues that a 12(b)(1) motion to dismiss is not the proper vehicle to enforce arbitration, and that a motion to compel arbitration or a motion to stay proceedings should have been filed instead. Second, Plaintiff argues that the arbitration clause of the OA does not apply because it only mandates arbitration between shareholders for liquidation or OA-related disputes, which allegedly are not raised in this case. Third, Plaintiff argues that the exhibits attached to the instant motion are not properly before the Court because they are not accompanied by an affidavit or declaration attesting to their veracity.

On October 7, 2024, Defendant filed his reply, arguing that he is not seeking to compel arbitration because the parties already stipulated to arbitration as the agreed-upon method for dispute resolution. Defendant further cites California case law to argue that a dispute between an LLC member and the LLC may constitute a dispute among the members if the harm alleged affects the LLC as a whole. Defendant further asserts that the Guam Supreme Court has interpreted dispute resolution clauses broadly to favor arbitration. Finally, Defendant asserts

that the copy of the OA attached to the instant motion is properly before the Court because it is merely a complete copy of the OA that Plaintiff presented to the Court in the Complaint.

The Court took the matter under advisement on December 17, 2024.

## DISCUSSION

### I. Legal Standard

#### a. GRCP 12(b)(1)

Under Guam law, the Court may dismiss a complaint for lack of jurisdiction over the subject matter pursuant to GRCP 12(b)(1). A court's lack of subject matter jurisdiction over an action may be raised at any time and may not be waived or excused by the parties. *Teleguam Holdings, LLC v. Territory of Guam*, 2018 Guam 5 ¶ 19; *Taitano v. Lujan*, 2005 Guam 26 ¶ 21.

#### b. Arbitration Clauses

"Courts typically hold that 'generic' alternative dispute resolution clauses, i.e., those triggered by disputes 'arising out of' or 'related to' an operating agreement – should be construed broadly in favor of alternative dispute resolution." *Perez v. Monkeypod Enterprises, LLC*, 2022 Guam 12 ¶ 15 (citing *Bass v. SMG, Inc.*, 765 N.E.2d 1079, 1085 (Ill. App. Ct. 2002) ("[T]he parties are obligated to arbitrate any dispute that arguably arises under an agreement containing a 'generic' provision.")). "An arbitration agreement is a matter of contract." *Id.* ¶ 17. "We therefore resort to our well-established policy favoring alternative resolution. ... As prior cases explain, we construe arbitration agreements broadly in favor of arbitrability." *Id.* ¶ 22.

Under Guam law, several presumptions apply when interpreting a contract containing an agreement to arbitrate. *GovGuam v. Pacificare Health Ins. Co.*, 2004 Guam 17 ¶ 26. "The first of these presumptions underscores the strong policy favoring arbitration, and states that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.*

"The second presumption, which must be applied in interpreting a contract's arbitration provision, favors judicial determination with respect to the forum for determining the issue of arbitrability. In particular, '[t]he question of whether a claim or dispute is arbitrable is generally considered one for the courts ... unless the parties clearly and unmistakably reserved the question for the arbitrators.'" *Id.* ¶ 27. "Any doubt as to the arbitrator's jurisdiction is resolved in favor of arbitration." *Sumitomo Constr. Co. v. Zhong Ye, Inc.*, 1997 Guam 8 ¶ 14. "Ambiguities regarding the question of 'whether a particular merits-related dispute is arbitrable because it is within the scope of a valid arbitration agreement' are construed in favor of arbitration." *Pacificare*, 2004 Guam 17 ¶ 26 (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (holding that a court cannot conclude that the parties intended an issue not to be arbitrated unless the intent to exclude such issues from arbitration is clear)). "[A] court may not deny a party's request to arbitrate an issue 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *GHURA v. Pac. Superior Enters. Corp.*, 2004 Guam 22 ¶ 31.

## II.     Whether the Court has subject matter jurisdiction

Defendant argues that the Court lacks subject matter jurisdiction over this case pursuant to GRCP 12(b)(1) because Article 21 of the OA mandates arbitration. Plaintiff argues that the matters alleged in the Complaint are not subject to Article 21 because the derivative and direct causes of action pled in the Complaint allegedly do not pertain to the liquidation of the company or a clause of the OA. Upon consideration of the briefs, arguments, and applicable law, the Court **GRANTS** the Motion to Dismiss for the reasons below.

First, where an arbitration clause exists, "the parties are obligated to arbitrate any dispute that arguably arises under an agreement containing a 'generic' provision." *Monkeypod,*

2022 Guam 12 ¶ 15. Generic alternative dispute resolution clauses, "i.e., those triggered by disputes 'arising out of' or 'related to' an operating agreement – should be construed broadly in favor of alternative dispute resolution." *Id.* The Guam Supreme Court has also held that language involving a "dispute over the provisions" of an agreement is similarly generic and should be interpreted broadly. *Id.* ¶ 16. The Court finds that the language of Article 21, mandating arbitration for "any differences ... between the shareholders ... about any clause of this Memorandum of Association" that cannot be settled amicably, similarly falls within the scope of such generic provisions, and should therefore also be interpreted broadly. Plaintiff argues otherwise, stating that Defendant "chose specific, limiting language when drafting Article 21, rather than a simple 'generic' clause which would be subject to construal in favor arbitration." Opp., at 3. However, the Court does not find this argument compelling. The clauses of the OA provide the legal guidelines for the governance of the entire company, which is incredibly broad. Further, because the governance of the company is dictated by the OA, any differences regarding the governance and operation of the company, including the methods of monetary distributions and the scope of Defendant's powers and duties, would be due to misinterpretations regarding what is and is not allowed under the OA. Therefore, the Court finds that the acts underlying Plaintiff's claims are all subject to Article 21 of the OA, and that if this matter cannot be settled between the parties, this matter must go to arbitration before it can come before the Court.

The Court having no subject matter jurisdiction over this case, the Motion to Dismiss is **GRANTED**.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendant's Motion to Dismiss.

**IT IS SO ORDERED** _____MAR 2 5 2025_____ .


**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**